394 P.2d 420

Robert NEIDERHISER, Appellant,

v.

HENRY'S DRIVE–IN, INC., an Illinois cor-
poration qualified in Arizona, Appellee.

Nos. 7346, 7667.

Supreme Court of Arizona.

In Division.

July 21, 1964.

Rehearing Denied Sept. 22, 1964.

McKesson, Renaud & Cook, Fred J. Pain, Jr., Phoenix, for appellant.

Shortridge & Quisenberry, Phoenix, for appellee.

STRUCKMEYER, Justice.

Appellant, Robert Neiderhiser, appeals from a judgment entered on the pleadings in favor of appellee, Henry's Drive-In, Inc., defendant below.

Appellant sued in two counts. Count one demanded the return of money paid to the appellee under two contracts executed by the parties. Count two sought damages for appellee's alleged representation to appellant at the time of entering into the contract that appellee was qualified to transact business in Arizona. Appellant moved the lower court for summary judgment and appellee moved for a judgment on the pleadings. The lower court denied appellant's motion for summary judgment, granted appellee's motion for judgment on the pleadings, and subsequently judgment was entered in appellee's favor.

The appeal in Cause No. 7346 was from the lower court's order for judgment on the pleadings. This is not an appealable order. Meloy v. Saint Paul Mercury Indemnity Co., 72 Ariz. 406, 236 P.2d 732. Hence appellant perfected a second appeal from the judgment entered on that order, Cause No. 7667, and petitioned this Court to consolidate the two appeals, which was granted.

Appellant's unverified complaint alleges that prior to December 1, 1959, appellee, a licensed Illinois corporation, leased property on West Camelback Road in Phoenix, Ariz. Sometime between December 1st and December 14, 1959, appellee entered into two contracts with appellant; one, essentially a sublease of the Phoenix property to commence after the erection of a building by appellee; and two, a franchise agree-

ment for the operation of a Henry's Drive-In in Arizona. There is no allegation in the complaint as to where these instruments were signed.

The instruments provided that they were to take effect upon the completion of the construction of a restaurant at the Camelback Road property. On December 14, 1959, appellee, pursuant to A.R.S. § 10–481, qualified to do business in Arizona. On May 1, 1960, the restaurant was completed and notice thereof was given to the appellant to perform. At this time, appellant repudiated the lease and franchise by refusing to perform and brought this suit on the grounds that appellee was not qualified to do business in Arizona. The issue permeating the assignments of error is whether appellee was doing business within the meaning of A.R.S. § 10–482 prior to the time that it qualified as a corporation in Arizona.

A.R.S. § 10–481, in its applicable part, provides:

"A foreign corporation before entering upon, doing or transacting any business, conducting any enterprise, or engaging in any occupation in this state shall: " (File its articles of incorporation, etc.)

A.R.S. § 10–482 provides:

"No foreign corporation shall transact business in this state until it has complied with the requirements of § 10–481, and *every act done prior thereto is void.*" (Emphasis supplied.)

Appellant urges that appellee violated these statutes by entering into the enumerated business transactions. The first of appellee's transactions was the leasing of the Camelback Road property for the purpose of establishing one of its drive-in restaurants thereon. The problem presented here was specifically considered in Worcester Felt Pad Corporation v. Tucson Airport Authority, 9 Cir., 233 F.2d 44, 59 A.L.R.2d 1121. There, the Worcester corporation, prior to qualifying in Arizona, leased property in Tucson upon which to construct a plant for the purpose of manufacturing household items. The Ninth Circuit Court of Appeals held:

"In conclusion, the execution of a lease, an act which is merely incidental and preliminary to the business in which the corporation is ordinarily engaged or is about to engage, does not constitute 'entering upon, doing, or transacting any business, enterprise or occupation' within the meaning of the Arizona statute, see 14(a) Corpus Juris, Sections 3982–3986; 20 C.J.S., Corporations, § 1831, Friedlander Bros. v. Deal, supra, [218 Ala. 245, 118 So. 508] and is not void." 233 F.2d 49.

We find no merit in appellant's argument that the Worcester case is distinguishable from the case at bar on the grounds

that appellee is in the business of leasing real property. Plainly, appellee is in the business of establishing franchises for the purpose of having an outlet for its products thereby enhancing its total business picture.

■ There remains to be considered the agreement between appellee and appellant establishing a franchise for Henry's Drive-In. The appellee, by its answer, alleged that both the lease and the franchise were executed in Chicago, Illinois. As pointed out, appellant did not allege in his complaint where the agreement was signed. It is the settled law in this jurisdiction that a plaintiff's motion for judgment on the pleadings requires the court to take into consideration the allegations of both the complaint and answer and the court necessarily assumes the truth of material allegations of both pleadings. Snyder v. Betsch, 56 Ariz. 508, 109 P.2d 613.

■ By Rule 7(a), Rules of Civil Procedure, 16 A.R.S., only a complaint and an answer are required and no reply is allowed except where the court so orders. By Rule 8(e), Rules of Civil Procedure, 16 A.R.S., averments in the pleadings to which no responsive pleading is required or permitted shall be taken as denied. The allegations of the answer that the instruments were executed in Illinois are deemed denied; hence the defendant may not obtain a judgment on the pleadings on the basis of the allegations contained therein. Young v. Bishop, 88 Ariz. 140, 353 P.2d 1017. The court below was compelled to look only to the allegations of the complaint and appellee was entitled to a judgment on the pleadings only if the complaint failed to state a claim for relief.

■ Appellant's claim for relief is bottomed upon A.R.S. §§ 10–481 and 10–482. These statutes do not have application to acts done by a foreign corporation outside the territorial limits of Arizona. Bank of America, National Trust and Savings Association v. Barnett, 87 Ariz. 96, 348 P.2d 296. Hence a claim for relief cannot be stated unless it is alleged that the instruments were executed in this State.

■ It is clear from the instruments attached as exhibits to the complaint that performance was called for in Arizona. But no act of performance is asserted to have taken place in Arizona prior to the appellee's compliance with A.R.S. § 10–481. Without allegations of performance in Arizona or that the contracts were executed here, there is nothing upon which the Arizona law may operate.

The lower court was correct in finding that appellee corporation was not engaged in a transaction in this State consisting of some substantial part of its ordinary business and thus within the purview of A.R.S. §§ 10–481 and 10–482. Sandia Development Corporation v. Allen, 86 Ariz. 40, 340

P.2d 193; Monaghan & Murphy Bank v. Davis, 27 Ariz. 532, 234 P. 818.

Judgment affirmed.

LOCKWOOD, V. C. J., and BERN-STEIN, J., concur.