422 P.2d 145

Ted E. PULOS, Appellant,

v.

James E. LITTLE and Kenneth A. Ellis, individually and as a partner, dba William R. Staats and Co. and William R. Staats and Co., a partnership, Appellees.

No. 1 CA–CIV 264.

Court of Appeals of Arizona.

Jan. 10, 1967.

Miller, Byrnes & Davidson, by Robert P. Davidson, Scottsdale, for appellant.

James E. Flynn, Phoenix, for appellees.

CANTOR, Judge of the Superior Court.

Appellant-plaintiff filed a complaint against defendants on the basis of a foreign judgment which plaintiff had obtained against the same defendants in the State of Nebraska. Defendants moved to dismiss the complaint on the basis that the Nebraska Court did not have jurisdiction over the defendants for the purpose of rendering the foreign judgment against defendants; and that plaintiff's complaint failed to state the claim on which relief could be granted. The motion was verified, averring that at no time had the defendants been residents of the State of Nebraska, nor conducted business there, nor had they been served with process in that state.

Plaintiff filed a verified reply to the motion to dismiss, alleging the following:

1) that the service was made upon the defendants in accordance with the laws of the State of Nebraska,

2) that defendants made a special appearance in that action for the purpose of adjudicating the question of whether or not the Nebraska Court had obtained jurisdiction over the defendants,

3) that after argument the Nebraska Court rendered its decision that it had jurisdiction over the defendants, and

allowed the defendants ten (10) days to further plead,

4) that no further action was taken by the defendants in the Nebraska action,

5) that judgment was entered for the plaintiff and against the defendants in the State of Nebraska,

6) and, that no appeal was taken by the defendants from the judgment entered by the Nebraska Court.

The motion to dismiss by the defendants in this matter was argued before the trial Court. The Court granted the motion. Plaintiff filed a motion for a rehearing and to correct the order and/or motion for leave to file an amended complaint. Reply to this motion was filed. Oral arguments were heard, and the motion for rehearing was denied.

Judgment was entered in favor of the defendants and against the plaintiff. Plaintiff then instituted this appeal.

The question before us is, should a motion to dismiss under Rule 12(b) of the *Rules of Civil Procedure*, 16 A.R.S. be granted when the motion is based upon the grounds that a Court in a foreign jurisdiction lacked jurisdiction over the defendants?

The complaint filed by the plaintiff sets forth the allegations of residence of the defendants in Maricopa County, Arizona; that on January 30, 1964, the District Court, County of Lancaster, State of Nebraska, entered a judgment against the defendants, and that no part of the said judgment has been paid.

Our Courts have held that in considering a motion to dismiss for failure to state a claim on which relief can be granted, all the facts alleged in the complaint are presumed to be true. Davis v. State, 1 Ariz.App. 264, 401 P.2d 749 (1965). The United States Constitution, Article IV, Sec. 1, requires that every state give full faith and credit to the judicial proceedings of every other state. Taking the allegations of the complaint as true, we hold that it does state a claim.

Of course, if the foreign judgment is invalid, then Arizona would not be required to give the judgment full faith and credit. Any pleas that could be asserted to set aside the foreign judgment in the foreign state could be pleaded in Arizona. Adams v. Saenger, 303 U.S. 59, 58 S.Ct. 454, 82 L.Ed. 649 (1957); Stephens v. Thomasson, 63 Ariz. 187, 160 P.2d 338 (1945).

Plaintiff readily concedes that in Arizona the validity of the foreign judgment may be collaterally challenged for lack of jurisdiction in Nebraska. Plaintiff contends, however, that the question of whether or not Nebraska has jurisdiction over the defendants is a question of fact to be heard by the Arizona trial Court.

Rule 12(b) provides that certain defenses may be pleaded by motion. The pertinent parts raised by defendants' motion to dismiss were:

"* * * 1. Lack of jurisdiction over the subject matter.

"2. Lack of jurisdiction over the person.

\* \* \* \* \* \*

"6. Failure to state a claim upon which relief can be granted. * * *"

We have already discussed defense No. 6. As to defense Nos. 1 and 2, as well as to all defenses set forth in Rule 12(b), they apply to the complaint filed in this jurisdiction. The defendants do not contend that there is lack of jurisdiction over the subject matter or the person of the defendant in Arizona. Therefore, a motion to dismiss based on lack of jurisdiction in Arizona does not lie.

Defendants' contention is there was lack of jurisdiction over the defendants in the State of Nebraska at the time of the Nebraska judgment. Defendants argue at this time that the trial Court treated the motion to dismiss as a motion for summary judgment pursuant to Rule 12(b) which provides in part as follows:

"* * * If, on a motion asserting the defense numbered 6 to dismiss for failure of the pleading to state a claim upon

which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, *and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.*" (Emphasis supplied).

We have examined the record and find that defendants did not request that the motion to dismiss be heard as a motion for summary judgment. The minute entry of the Court is as follows:

"June 2, 1965. Oral argument having been presented to the Court on defendants' motion to dismiss,

"It Is Ordered granting defendants' motion to dismiss the complaint."

Further, the record does not state that the plaintiff was given any reasonable opportunity to present any materials made pertinent to the motion. The trial Court did not state, nor did it indicate in any way, that it was treating the motion to dismiss as a motion for summary judgment. We cannot consider it as such for the first time on appeal. Since the complaint does state a claim upon which relief can be granted, and there is jurisdiction over the defendants in Arizona, the motion to dismiss should have been denied.

The judgment of the trial Court dismissing the complaint of the plaintiff-appellant is hereby reversed, and the matter remanded for further action not inconsistent with this opinion.

CAMERON, C. J., and DONOFRIO, J., concur.

NOTE: Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter, Judge IRWIN CANTOR was called to sit in his stead and participate in the determination of this decision.

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7962. The matter was referred