444 P.2d 728

**S. R. KALMANOFF, Appellant,**

v.

**Herman WEITZ and Sofia Weitz, husband and wife, and Belle Berenstein, wife of Alfredo Berenstein, in her sole and separate right, Appellees.**

**No. 2 CA–CIV 535.**

Court of Appeals of Arizona.

Sept. 12, 1968.

Rehearing Denied Oct. 4, 1968.

Review Denied Nov. 12, 1968.

Feldman & Wolin, by Marvin Wolin, Tucson, for appellant.

Merchant, Lohse & Bloom, by Ashby I. Lohse, Tucson, for appellees.

HATHAWAY, Chief Judge.

The appellant seeks review of an order dismissing his complaint in a civil action instituted by him to establish an equitable lien upon real property owned by the appellees. The appellees responded to the complaint by a motion to dismiss for failure to state a claim for relief, the motion was granted and an order of dismissal entered in accordance therewith.

It is well settled that a motion to dismiss a complaint for failure to state a claim for relief admits the truth of the facts alleged in the complaint, for purposes of the motion. Blecick v. School District No. 18 of Cochise County, 2 Ariz.App. 115, 406 P.2d 750 (1965); Pulos v. Little, 4 Ariz.App. 514, 422 P.2d 145 (1967). To test the propriety of a ruling on such motion, this court likewise must accept the well-pleaded facts of the complaint as true. Davis v. State, 1 Ariz.App. 264, 401 P.2d 749 (1965); Industrial Commission

v. Superior Court, 5 Ariz.App. 100, 423 P. 2d 375 (1967). Applying these principles to the instant case, we find no error in the trial court's ruling.

The appellant's complaint and the exhibits appended thereto and incorporated therein by reference contain the following facts as grounds for relief. In 1955, the Lusk Corporation, appellees' predecessor in interest, had given appellant, a licensed real estate broker, an exclusive listing to secure tenants for the real property as to which the declaration of lien was sought. The appellant secured tenants for the property whereupon a letter agreement was executed which spelled out the mode of payment of the real estate commission:

"It is our understanding that we are to pay you five per cent (5%) of the first year's rental, four per cent (4%) of the next year's rental, three per cent (3%) of the following year's rental, two per cent (2%) of the next two years' rental, and one and one-half per cent (1½%) thereafter to the expiration of said lease. These percentages are to be based upon the receipts collected (RFL) and are to be deducted immediately by us and forwarded to you as the rents are received."

Both this agreement and the listing agreement were recorded some ten months later in the office of the Pima County Recorder. In 1961, the real property was transferred from the Lusk Corporation to Phoenix Title & Trust Company as trustees, and thereafter was transferred to the appellees. The appellant received payment of his commissions until the fall of 1965 and his subsequent demands for payment from the appellees' agents were refused.

The appellant sought a declaration to the effect that the commission agreements constituted a lien on the real property and requested foreclosure of the lien, sale of the property and payment from the proceeds thereof of "amounts due and owing him as a result of the said liens upon said real property."

■ Appellant's entire claim for relief was predicated on a theory of equitable lien, i. e., that a burden had been imposed on appellees' property by their predecessor, the Lusk Corporation. An equitable lien may arise from express contract where the parties indicate an intent to charge or appropriate particular property as security for an obligation. 53 C.J.S. Liens § 4b (1); Coast Bank v. Minderhout, 61 Cal. 2d 311, 38 Cal.Rptr. 505, 392 P.2d 265 (1964); Reserve Plan, Inc. v. Peters, 71 N.M. 25, 375 P.2d 576 (1962). It is the intention of the parties rather than the form of the contract which is controlling. Moeur v. Farm Builders' Corporation, 35 Ariz. 130, 274 P. 1043 (1929); Stephen v. Patterson, 21 Ariz. 308, 188 P. 131 (1920). We look to their contract, read as a whole, to ascertain this intention. City of Glendale v. Arizona S. & L. Ass'n, in Receivership, 2 Ariz.App. 379, 409 P.2d 299 (1965).

■ Examination of the contract alleged by the plaintiff discloses no intent to charge the real property or its succeeding owners with the obligation to pay the realty commission. The contract between the parties, construed in a light most favorable to appellant, is nothing more than an exclusive right to obtain tenants given to appellant for which he was to be paid a commission, payable in a specific manner. Where there is nothing more than a breach of an agreement to pay a realty commission, a broker is not entitled to an equitable lien on the property to which the commission pertains. See McKenna v. Turpin, 128 Ind.App. 636, 151 N.E.2d 303 (1958). Furthermore, even if the agreement is construed as a promise to pay the realty commission out of a particular fund, namely the rents collected, the appellant would not be entitled to a lien against the rent receipts or the property from which the rent was collected. Moeur v. Farm Builders' Corporation, supra; Oregon Mutual Insurance Company v. Cornelison, 214 Or. 501, 330 P.2d 161 (1958); S. L. Nusbaum & Co. v. Atlantic Virginia Realty Corp., 206 Va. 673, 146 S.E.2d 205 (1966); 53 C.J.S. Liens § 4b (2).

Since the appellant's pleading disclosed no intention to bind the appellees or their

land, no claim for relief was asserted and dismissal was proper.

Order affirmed.

MOLLOY, J., and JOHN P. COLLINS, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge JOHN P. COLLINS was called to sit in his stead and participate in the determination of this decision.