453 P.2d 541

**HERMAN CHANEN CONSTRUCTION COMPANY, Inc., a corporation, Appellant,**

v.

**GUY APPLE MASONRY CONTRACTORS INC., a corporation, Appellee.**

**No. I CA–CIV 747.**

Court of Appeals of Arizona.

April 23, 1969.

Rehearing Denied June 12, 1969.

Review Granted July 15, 1969.

Order Granting Review Vacated Oct. 7, 1969.

**446**

Struckmeyer & Davich, by James A. Struckmeyer, Phoenix, for appellant.

Shimmel, Hill, Kleindienst & Bishop, by James W. Hill, Phoenix, for appellee.

KRUCKER, Judge.

The appellant, plaintiff in the lower court, seeks review of an order dismissing with prejudice its complaint against the appellee, defendant in the lower court. (We shall hereinafter refer to appellant as Chanen and appellee as Apple.) The trial court found that Chanen's complaint failed to state a claim upon which relief might be granted.

The gravamen of Chanen's claim was that it was entitled to indemnification by Apple of losses sustained by Chanen in the amount of approximately $61,000. This claim was predicated entirely upon a contract between Chanen, as contractor, and Apple, as subcontractor, for the performance of certain masonry work.

In order to test the propriety of the trial court's granting Apple's motion to dismiss the complaint for failure to state a claim for relief, we accept the well-pleaded facts of the complaint as true. Kalmanoff v. Weitz, 8 Ariz.App. 171, 444 P.2d 728 (1968); Davis v. State, 1 Ariz.App. 264, 401 P.2d 749 (1965). The pertinent allegations of the complaint are as follows:

"On or about October 7, 1958, Herman Chanen Construction Company, Inc., was engaged as a contractor in erecting a building known as the '8900 North Central' Avenue building, and on that date defendants and each of them were actively engaged in construction work on the said building as subcontractors by virtue of written agreements with the plaintiff, copies of each of such contracts being hereto attached and marked 'Exhibits 'A', 'B', and 'C', respectively, each being incorporated by reference herein and thus becoming a part of this complaint.[1]

"As a part of each of the said contracts it was agreed that the defendants and each of them should 'at all times save Chanen Construction Company harmless * * * from any and all damage, loss or expense * * * by reason of any injury to or death of employees or third parties * * * that may be caused by

---

1. The designated Exhibit "A" was the contract between Chanen and Apple. The controversy between Chanen and the other subcontractors named in the complaint is not involved in this appeal.

or result from the performance of the work by defendants.'

"On or about the 7th day of October, 1958, and while the plaintiff and defendants were engaged in the construction of said building mentioned in paragraph II herein above, under and by virtue of various building contracts including the contract attached hereto and marked Exhibits 'A', 'B', and 'C', a portion of the aforesaid building collapsed resulting in the death of one Miguel Gutierrez Robles, *who was an employee then and there employed by Guy Apple Masonry Contractors, Inc.,* a corporation, and causing serious and grievous injuries to one Leonard V. Robles *who was then and there an employee of said Guy Apple as aforesaid.* * * *

"As a result of the said circumstances actions at law were commenced and prosecuted against plaintiff and others and as a result of said suits the plaintiffs, by reason of the necessity of the satisfaction of judgment and in the making of a compromise settlement and other necessary expenses incident to said actions suffered a loss in the sum of $61,-270.39." (Emphasis supplied)

The pertinent provision of Exhibit "A" which determines Apple's contractual undertaking provides:

"Sub-contractor [Apple] shall at all times indemnify and save you [Chanan] harmless from all claims and liens for labor performed and materials furnished on this job and from any and all damage, loss or expense that may be incurred by you by reason of any damage to your property, or by reason of any injury to or death of your employees or third persons or damage to their property that may be caused by or result from our performance of the work as outlined above."

■ We conclude that the trial court properly dismissed the complaint for failure to state a claim for relief. The complaint alleged losses incurred by reason of injury and death of *Apple's* employees. We do not believe that such loss was intended by the parties to be included in the indemnity provision. The language is plain and unambiguous—"your employees or third persons." The doctrine of *expressio unius est exclusio alterius* is that the expression in a contract of one or more things of a class, implies the exclusion of all things not expressed, although all would have been impliedly included had none been specifically expressed. Central Housing Inv. Corp. v. Federal Nat. Mortg. Ass'n., 74 Ariz. 308, 248 P.2d 866 (1952); Southern Coast Corp. v. Sinclair Refining Co., 181 F.2d 960 (5th Cir. 1950); 17A C.J.S. Contracts § 312.

■ We are of the opinion that the *"expressio unius"* doctrine is applicable—the specific enumeration of Chanen's employees implies the exclusion of Apple's employees. Nor do we believe that the term "third person" was intended to include Apple's employees, particularly in view of the fact that Apple provided Workmen's Compensation coverage. We conceive that the term "third person" was intended to refer to individuals other than employees. *See,* McGonigle v. Gryphan, 201 Wis. 269, 229 N.W. 81 (1930); Perez v. Hernandez, 317 S.W.2d 81 (Tex.Civ.App.1958).

■ Indemnity contracts are construed to cover only those losses or liabilities which reasonably appear to have been intended by the parties, Graver Tank Manufacturing Co. v. Fluor Corporation, Ltd., 4 Ariz.App. 476, 421 P.2d 909 (1967); 42 C.J.S. Indemnity § 12a. The losses alleged in Chanen's complaint were not within the coverage, hence dismissal was proper.

Order affirmed.

MOLLOY and HATHAWAY, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.