497 P.2d 70

The WOLF CORPORATION, a corporation,
Appellant,

v.

Joseph ROLLIN and Arlene Rollin,
husband and wife, et al.,
Appellees.

No. 2 CA-CIV 1154.

Court of Appeals of Arizona,
Division 2.

May 15, 1972.

Rehearing Denied June 7, 1972.

Review Denied July 13, 1972.

Lesher & Scruggs, by E. F. Rucker, Tucson, for appellant.

Johnson, Hayes, Morales & Stompoly, by Donald E. Gabriel, Tucson, for appellees.

HOWARD, Judge.

The appellant appeals from a summary judgment entered by the trial court. The issue involved in this case is whether or not appellant is precluded from suing to foreclose on a realty mortgage and note by its failure to qualify to do business in the State of Arizona as a foreign corporation.

The pleadings, depositions and affidavits show the following facts: In 1959, a limited partnership was formed in the State of New York for the purpose of constructing the Tidelands Motel in Tucson, Arizona. The motel was constructed and rented to one Morin Scott. In 1961, appellant Wolf Corporation, a Delaware corporation, "went public" and subsequently the stock of the Wolf Corporation was transferred to the investors in the limited partnership for their interest in the Tidelands Motel. Morin Scott continued his operation of the motel until sometime in 1965. Thereafter, on September 12, 1966, Wolf Corporation entered into a contract with Franor Hotel Corporation and Francis Norton, individually, wherein Franor agreed to pay to the appellant the sum of $48,000 as rent for the motel. After Franor Hotel Corpora-

tion breached its contract with appellant, the appellant took over operation of the motel in Tucson.

On December 16, 1968, in New York City, the Wolf Corporation sold the property to Regina Behrens, a New York resident. The note was executed in New York City and it was never removed therefrom. The mortgage was executed in New York City as security for the note and, except for having been briefly sent to Arizona for recording, the mortgage remained in New York City and has never been removed therefrom. Both the note and the mortgage were placed for collection in New York City and all payments thereon have been made in New York City.

On August 18, 1971, a deed was recorded whereby the appellees Rollin took title to the premises from Regina Behrens.

The payments were not made by the appellees Rollin and appellant Wolf Corporation filed a suit to foreclose the mortgage which had a balance of $955,000, together with accrued interest.

A motion was made to dismiss the complaint on the ground that the Wolf Corporation was a foreign corporation unlicensed to do business in the State of Arizona since it had not qualified as a foreign corporation pursuant to A.R.S. § 10–481.

The court, treating the motion to dismiss as a motion for summary judgment, and taking into consideration depositions and affidavits, held that the Wolf Corporation was a foreign corporation doing business in Arizona while unqualified according to the provisions of A.R.S. § 10–481 and that by virtue of A.R.S. § 10–482 it could not maintain its cause of action.

The appellant Wolf Corporation has presented to this court some eight questions for review wherein it contends that the court erred in granting the motion for summary judgment. We need not discuss all eight questions since we believe that the Wolf Corporation was not barred from bringing this action by virtue of having failed to qualify to do business in this State.

A.R.S. § 10–482 provides: "No foreign corporation shall transact business in this state until it has complied with the requirements of § 10–481, and every act done prior thereto is void." The foregoing section has been the subject of litigation in this state many times in the past. Arizona case law has promulgated a two-pronged test in deciding whether or not a foreign corporation can maintain a suit on a contract in the state courts. The latest Arizona case on the subject is Rochester Capital Leasing Corp. v. Sprague, 13 Ariz. App. 77, 474 P.2d 201 (1970). In order to hold that a foreign corporation's contract is void because of failure to satisfy the Arizona foreign corporation qualifications statutes the evidence must show (1) that the plaintiff was "transacting business in Arizona" within the meaning of the qualification statute at the time the contract was entered into, and (2) that the particular act sought to be declared null and void occurred in Arizona. Neiderhiser v. Henry's Drive-In, Inc., 96 Ariz. 305, 394 P.2d 420 (1964); Bank of America, Nat'l Trust & Savings Ass'n v. Barnett, 87 Ariz. 96, 348 P.2d 296 (1960); Monaghan & Murphy Bank v. Davis, 27 Ariz. 532, 234 P. 818 (1925); Martin v. Bankers' Trust Co., 18 Ariz. 55, 156 P. 87 (1916). See also Worcester Felt Pad Corp. v. Tucson Airport Authority, 233 F. 2d 44 (9th Cir. 1956).

The record clearly shows in this case that the execution of the note and mortgage, which is the particular act sought to be declared null and void, did not occur in Arizona but occurred in New York between a corporation, a resident of Delaware, and an individual who was a resident of New York. Appellees Rollin have failed to show this court that the execution of the note and mortgage falls within the second part of the two-pronged test.

Rollins assert that the original acquisition by Wolf Corporation of the interest in the limited partnership assets, which included the Tucson Tidelands Motel, was void ab initio because of the failure of

**252**

Wolf Corporation to meet the foreign corporation qualifications statutes. This contention is again based upon appellees' failure to apply the test which we have previously mentioned. As far as we have been able to ascertain from the record the acquisition of the Tidelands Motel property in exchange for the capital stock in the Wolf Corporation occurred outside the State of Arizona.

Reversed.

HATHAWAY, J., and ALICE TRUMAN, Judge of Superior Court, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge ALICE TRUMAN was called to sit in his stead and participate in the determination of this decision.