526 P.2d 1077

**DESERT STEEL CO., INC., a corporation, Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARICOPA, and Roger G. Strand, as Judge thereof, Respondents;**

**The ACME STEEL CO., a Division of United States Freight Co., a Delaware corporation, Real Party in Interest.**

**No. I CA–CIV 2779.**

Court of Appeals of Arizona, Division 1, Department B.

Oct. 3, 1974.

Snell & Wilmer by Ted J. Thayer, Phoenix, for petitioner.

Udall, Shumway, Blackhurst, Allen, Bentley & Lyons, P. C. by John H. Lyons, Mesa, for real party in interest.

OPINION

EUBANK, Judge.

The petitioner filed a special action in this Court pursuant to Rule 7, Rules of Procedure for Special Actions, 17A A.R.S., alleging that the trial judge abused his discretion in twice denying petitioner's motion for summary judgment dismissing respondent Acme's third-party complaint against petitioner.

All parties to this action request us to take jurisdiction on the basis of Allison

Steel Manufacturing Co. v. Superior Court, 20 Ariz.App. 185, 511 P.2d 198 (1973) and Chrysler Corp. v. McCarthy, 14 Ariz.App. 536, 484 P.2d 1065 (1971). In both Chrysler and Allison we determined that a special action proceeding was proper to determine whether a third-party complaint should have been dismissed on substantive grounds by the trial court. We have therefore accepted jurisdiction of this matter.

The facts giving rise to this special action are: E. L. Farmer Construction, Inc. (Farmer), was the general contractor for the construction of the Creative Arts Building at Northern Arizona University located in the city of Flagstaff. Farmer subcontracted the steel work to Acme Steel Co. (Acme), one of the respondents and the real party in interest here. Acme in turn subcontracted the steel fabrication work to Reppel Steel & Supply Co. (Reppel) and the erection of the fabricated steel to Desert Steel Co., petitioner herein. On March 6, 1968, Gerald Estabrook, an ironworker employed by the petitioner, was injured as a result of a fall. He was covered by Workmen's Compensation.

In due course he brought suit, based on negligence, against Farmer, Reppel, Acme and the architect, and by amended complaint alleged, in part, the following:

V

"Defendants Acme Steel Company, Reppel Steel and Supply Co., Inc., and Terry Atkinson, in connection with said construction, negligently, carelessly and in an unsafe, improper and unworkmanlike manner welded a Nelson stud to a beam, knowing that the same would not serve the purpose for which it was intended, and knowing that the same would be walked upon, worked upon, and relied upon by the plaintiff and others engaged in the construction of the building.

.　　.　　.　　.　　.　　.

VII

"That defendants either knew or should have known that the nature of the work to be done by the plaintiff was such that, in the natural course of events, hazardous consequences might be expected to arise unless means were adopted by which such consequences might be prevented, and the defendants were under a non-delegable duty to see that adequate precautions were taken to protect the safety of plaintiff and those similarly situated, and that safety devices and measures were necessary and should have been used in connection with the installation and fabrication of the steel beams.

VIII

"As a direct and proximate result of the negligence of the defendants, and each of them, as aforesaid, on or about the 6th day of March, 1968, while the plaintiff, Gerald Estabrook, was engaged in the erection of certain steel work in connection with the said construction, that certain beam heretofore mentioned broke loose and collapsed while the plaintiff was walking thereon, thereby causing the plaintiff to fall some thirty-eight (38) feet and to violently and with great impact land upon and strike loose corrugated steel and sustain severe, painful and lasting injuries, as set forth hereinafter.

IX

"That defendant E. L. Farmer, as general contractor of the premises on which the work was being performed and, more specifically, retaining control over the selection and use of the materials to be used, was wantonly negligent in permitting a defective weld to be used, which defectiveness was known, or should through the exercise of reasonable care have been known, to be defective by defendants Acme Steel and Reppel Steel, and because of defendants' wanton negligence in actively permitting a defective

weld to be used, plaintiff was caused to be severely injured, and such negligence of defendants was a proximate cause of the injuries.

.    .    .    .    .    .

## XII

"At the time and place above stated, while plaintiff was working on the steel beam as aforesaid, as a direct result of the defendants' permitting the beam to be inadequately and inferiorly held by studs attached to the beam which thereby caused said beam to fall, plaintiff was injured as hereinafter alleged."

Both Farmer and Acme filed third-party complaints against the petitioner seeking indemnity.

The petitioner filed answers denying the allegations of the third-party complaints and moved for summary judgment against both Farmer and Acme, requesting that the third-party complaints be dismissed. Both motions were denied. Subsequently, this Court issued its decisions in Transcon Lines v. Barnes, 17 Ariz.App. 428, 498 P. 2d 502 (1972), and Allison Steel Manufacturing Co. v. Superior Court, supra, and the petitioner renewed both motions for summary judgment based on those opinions. Farmer did not oppose the motion and agreed to dismiss the petitioner from its third-party complaint with prejudice. Acme, however, opposed the motion and the trial court again ruled in its favor, denying the motion.

In this Court petitioner contends that the issue of whether Acme has a right to indemnity against the petitioner is governed by our decisions in Transcon and Allison. We agree. In both cases we held that where the liability of the would-be indemnitee to a plaintiff is based upon the indemnitee's active participation in the liability-causing event, that no right of indemnity exists against other independent tortfeasors. The allegations of the amended complaint, set out above, allege "active" as opposed to "passive" negligence on the part

of Acme. Under these circumstances there could be no indemnity. *Cf.* Allison Steel Manufacturing Co. v. Superior Court, 22 Ariz.App. 76, 523 P.2d 803 (1974).

Acme argues, citing Kilpatrick v. Superior Court, 105 Ariz. 413, 466 P.2d 18 (1970), that because the plaintiff Gerald Estabrook answered a written interrogatory raising the possibility that Reppel and the petitioner were its agents, that it would have the right, as principal, to sue the agents for indemnity for all sums paid as a result of their negligence. However, to our knowledge, there is no allegation contained in the third-party complaint of an agency relationship existing between Acme and the petitioner, and there certainly was none in the amended complaint, only an allegation of Acme's own active negligence. In such a case, our decisions in Transcon and Allison govern.

Finally, Acme contends that "because of an independent contractual relationship between Acme Steel and Desert Steel, the exclusive remedy provisions of A.R.S. § 23–961 do not preclude an indemnity claim" by Acme against Desert. The "Proposal Contract" between Acme, as "Contractor", and Desert, as the "Sub-Contractor", contains the stipulation that Desert will furnish the necessary labor and tools to install and complete in a workmanlike manner the erection of the fabricated steel. This stiuplation, Acme argues, is the basis for contractual indemnity. We disagree. There is nothing in the contract relating to indemnity. The "workmanlike manner" clause relates to the quality of the work performed for contract purposes and nothing more. Under this clause the petitioner is liable to Acme for any work which is not completed in a "workmanlike manner", but this is entirely different than a contract of indemnity. Such a contract must show that the parties intended indemnity, and no such intention is expressed in the "Proposal Contract". *See* Herman Chanen Construction Co. v. Guy Apple Masonry Contractors, Inc., 9 Ariz.App. 445, 453 P.2d 541 (1969).

For the foregoing reasons the requested relief is granted and the trial court is instructed to vacate its order denying the petitioner relief and to grant the petitioner's motion for summary judgment.

HAIRE, P. J., and STEVENS, J., concur.