569 P.2d 264
**CITY OF TUCSON, a Municipal Corporation, Petitioner,**

**v.**

**SUPERIOR COURT OF PIMA COUNTY and The Honorable Jack G. Marks, Judge thereof, and Pima County, a body politic; Tung DONG and Wai Man Dong, husband and wife, The Real Parties in Interest, Respondents.**

No. 2 CA–CIV 2581.

Court of Appeals of Arizona, Division 2.

June 8, 1977.

Rehearing Denied July 28, 1977.

Review Denied Sept. 15, 1977.

.. 

Frederick S. Dean, Tucson City Atty. by William E. Hildebrandt, Asst. City Atty., Tucson, for petitioner.

Robert C. Stubbs & Associates, P. C. by Charles L. Townsdin, Jr., Tucson, for real parties in interest Dong.

Stephen D. Neely, Pima County Atty. by John R. Neubauer, Deputy County Atty., Tucson, for respondent Pima County.

## OPINION

RICHMOND, Judge.

The petitioner, defendant in a suit instituted by the real parties in interest, seeks relief by way of special action from an order of the respondent court denying its motion for judgment on the pleadings. Since petitioner has no adequate remedy by appeal and we believe its motion should have been granted, we assume jurisdiction.

The complaint filed below against the City of Tucson and Pima County set forth three counts. The substance of Count One was that during the mid-1950's the plaintiffs conveyed to Pima County the south ten feet of a parcel of property adjoining Valencia Road in consideration for the promise that Pima County would not assess the retained portion of plaintiffs' property for the proposed widening and improvement of Valencia Road. No other consideration was given for the conveyance. Pima County did not widen or otherwise improve Valencia Road, and subsequently the City of Tucson annexed the area. During 1975–76 the city widened Valencia Road and plaintiffs were assessed $7,420.03, which was paid under protest. They alleged that this constituted a breach of their agreement with Pima County.

Count Two re-alleged the conveyance to Pima County, the annexation by the City of Tucson, and the road improvement and assessment. It also alleged that title to the ten-foot strip was conveyed to Pima County; that the City of Tucson had succeeded to the right, title and interest of the county as a result of the annexation; that the city claimed an interest in the ten feet adverse to the plaintiffs; that the city's interest in the property, as well as the county's interest, was derived from the conveyance by plaintiffs to the county under the circumstances previously described and that but for the assurance as to assessments, the plaintiffs would not have conveyed their property to the county without monetary consideration. The plaintiffs requested that the conveyance from them to the county be declared null and void and that title to the property be quieted in them.

Count Three substantially re-alleged the foregoing by reference, and alleged further that the City of Tucson had taken the ten-

foot strip of land "owned by the plaintiffs" without payment of just compensation.

Responsive pleadings were filed by the defendants. The city's pleading admitted that the plaintiffs had conveyed the ten-foot strip to Pima County, that the city had annexed the area in which the plaintiffs' property was located, including the ten-foot strip, and affirmatively alleged that the ten-foot strip was legally established as part of a public roadway for the county in 1955. The city also admitted that it had assessed the plaintiffs for a pro-rata share of the improvement of Valencia Road and that the plaintiffs had paid the assessment under protest.

As to Count Two, the city admitted that title to the ten-foot strip was conveyed to the county and that the city had succeeded to the county's right, title, and interest as a result of the city's annexation; that the plaintiffs' conveyance to the county of the ten-foot strip was the source of the county's title; but alleged that the city was not a party to any agreement which resulted in the conveyance to the county. It also alleged that the ten-foot strip was part of a legally established county roadway at the time of its annexation by the city and therefore the city held legal title to the ten-foot strip unaffected by any failure of the county to "pay the agreed consideration to the plaintiffs."

As to Count Three, the city admitted its use of the ten-foot strip for the paving and improvement of Valencia Road but, because of its acquisition of the strip by virtue of annexation, denied appropriation of any property belonging to plaintiffs.

The city also alleged that Counts One and Two failed to state a claim for relief.

Subsequently a motion for judgment on the pleadings was filed by the city. The thrust of plaintiffs' opposition to the motion was that the city had acquired title encumbered by any conditions previously imposed.

The motion was denied and this special action followed.

■ In reviewing the ruling of the respondent court, we are limited to an examination of the allegations of the complaint— if it failed to state a claim for relief against the city, judgment on the pleadings in favor of the city should have been entered. *Neiderhiser v. Henry's Drive-In, Inc.*, 96 Ariz. 305, 394 P.2d 420 (1964). Construing the material allegations of the complaint most favorably to the plaintiffs, as we are required to do, we agree with the city that its motion should have been granted.

■ As to Count One, the complaint on its face clearly demonstrates no claim *ex contractu* against the city, as the only agreement alleged was between the plaintiffs and the county. In order to state a claim in contract, the complaint must disclose an agreement, a right thereunder in the party seeking relief and a breach by the defendant. *Union Interchange, Inc. v. Allen*, 140 Mont. 227, 370 P.2d 492 (1962). The only theory on which the city could be liable is if the county's promise were a covenant running with the land. To create such a covenant at law, four prerequisites must be met: (1) there must be a writing which satisfies the statute of frauds; (2) the parties must intend that the covenant run with the land; (3) the covenant must touch and concern the land; and (4) privity of estate must exist between the original grantor and the grantee at the time the covenant is made. *Choisser v. Eyman*, 22 Ariz.App. 587, 529 P.2d 741 (1974). Here, however, the first prerequisite, i. e., that the promise be a writing which satisfies the statute of frauds, is lacking.[1] Since the complaint alleged conveyance of the ten-foot strip to the county and its subsequent acquisition by the city by annexation, and failed to allege facts burdening the property with an equitable servitude in favor of the plaintiffs,[2] no claim for breach of covenant lay against the city.

---

1. It is undisputed by the parties that the alleged promise by the county was an oral one.

2. There is a conflict of authority as to whether a property owner can impose a condition in a deed conveying land for a public purpose that the remaining property be exempt from assessments for improvements. See annotations 16 A.L.R. 499 (1922) and 37 A.L.R. 1357 (1925).

As to Count Two, which recited the conveyance of the ten-foot strip from the plaintiffs to the county and the city's acquisition of the county's interest, the plaintiffs sought cancellation of its conveyance to the county on the grounds of failure of consideration. Failure of consideration alone does not justify equitable relief, and the plaintiffs are limited to an action at law for damages, *State Department of Highways v. LoBue*, 83 Nev. 221, 427 P.2d 639 (1967), here, against the promissor county.

Title to the ten-foot strip being in the city, Count Three fails to state a claim for relief as there was no taking of property belonging to the plaintiffs.

For the foregoing reasons, the order denying the city's motion for judgment on the pleadings is vacated with directions to enter an appropriate order consistent with this opinion.

HOWARD, C. J., and HATHAWAY, J., concur.