788 P.2d 129

**HSL LINDA GARDENS PROPERTIES, LTD., a limited partnership, Plaintiff/Appellant,**

v.

**Monte SEYMOUR, a married man in his sole and separate right; Monte Seymour and Thelma Seymour, husband and wife; and Monte Seymour and Thelma Seymour, as Trustees for Estelle Seymour, Defendants/Appellees.**

**2 CA–CV 88–0365.**

Court of Appeals of Arizona, Division 2, Department B.

Feb. 15, 1990.

Carl D. MacPherson, Tucson, for plaintiff/appellant.

O'Dowd, Burke & Lundquist, P.C. by Robert E. Lundquist, Tucson, for defendants/appellees.

OPINION

LACAGNINA, Judge.

HSL Linda Gardens Properties, Ltd. (HSL) appeals from a declaratory judgment giving Monte Seymour a right of first refusal on any sale of HSL's undivided one-half interest in jointly-owned property. We affirm because Seymour's right of first refusal is a covenant running with the land which binds HSL.

Seymour's right of first refusal arises from a provision contained in his contract

to buy an undivided one-half interest in property owned by Autrice C. Copeland (now Freeman) in 1959 and duly recorded in 1965. The pertinent paragraph of the contract for sale states:

> If either the buyer or the seller desire to sell their one-half interest in said property, the other party to this contract, not wishing to sell, shall be given the first refusal to purchase the interest to be sold upon the terms and for the consideration for which said interest is offered.

Freeman breached the agreement by selling her one-half interest to HSL in 1979 without honoring Seymour's right of first refusal. In a separate action, Seymour recovered a judgment against Freeman for quantum meruit damages of $5,000 for her breach of the agreement and her breach of the agreement to compensate Seymour for benefits she received from his efforts in protecting and managing the jointly-owned property. However, in that judgment the trial court did not decide whether the covenant ran with the property and bound Freeman's grantees, nor did it decide that Seymour's right to enforce the agreement was terminated; therefore, it does not provide a bar to this case.

The agreement between Seymour and Freeman is a covenant running with the property because it satisfies all of the requirements for a covenant at law.

> To create such a covenant at law, four prerequisites must be met: (1) there must be a writing which satisfies the statute of frauds; (2) the parties must intend that the covenant run with the land; (3) the covenant must touch and concern the land; and (4) privity of estate must exist between the original grantor and the grantee at the time the covenant is made. *Choisser v. Eyman,* 22 Ariz.App. 587, 529 P.2d 741 (1974).

*City of Tucson v. Superior Court of Pima County,* 116 Ariz. 322, 324, 569 P.2d 264, 266 (App.1977).

Seymour, as an original party to the covenant, has the right to enforce it against Freeman's successors in interest as long as he continues to own an undivided one-half interest in the property. We adopt the holding and reasoning of *Harrison v. Do-*

*Mergue,* 274 Cal.App.2d 19, 78 Cal.Rptr. 797, 799 (1969), a case involving a similar right of first refusal.

The apparent purpose of the original parties—to retain for themselves control of the admission of new co-owners—would not be served by extending the operation of the agreement far into the future. That purpose would continue to have validity only as long as the original parties, or one of them, lived and continued in ownership. So long as the covenant was binding upon successors at the instance of any of the still-living original parties, its purpose would be fulfilled.

By permitting any of the original parties who still maintain ownership of their interest in the property the right to enforce the covenant, the rule against perpetuities and the policy favoring unencumbered use and alienation of property is satisfied.

The judgment of the trial court, deciding that Seymour's right of first refusal is in full force and effect against HSL's undivided one-half interest in the property, is affirmed.

FERNANDEZ, C.J., and LIVERMORE, P.J., concur.