859 P.2d 1339

**HSL LINDA GARDENS PROPERTIES, LTD., a Limited Partnership Plaintiff/Appellant,**

v.

**Herman H. FREEMAN and Autrice Freeman fka Autrice C. Copeland, husband and wife, and Herman H. Freeman and Autrice Freeman as Trustees of the Copeland–Freeman Trust, Defendants/Appellees.**

No. 2 CA–CV 93–0114.

Court of Appeals of Arizona, Division 2, Department A.

Sept. 21, 1993.

Leonard Felker Altfeld & Battaile by John F. Battaile III, Tucson, for plaintiff/appellant.

Gerald B. Hirsch, Tucson, for defendants/appellees.

*OPINION*

LIVERMORE, Presiding Judge.

In October 1979, plaintiff HSL Linda Gardens Properties, Ltd. purchased an undivided one-half interest in 480 acres owned by defendant Autrice Freeman. The other undivided one-half interest was owned by Monte Seymour. Seymour had earlier told HSL's general partner, Humberto Lopez, that he had a right of first refusal on any sale of the Freeman interest. When Lopez asked Freeman's real estate brokers if such right existed, they stated that it did not. An erroneous title report also showed no such interest of record. Because Seymour shared in the brokerage commission on the Freeman sale, Lopez assumed that any claim Seymour thought he possessed had been waived.

In 1986, HSL contracted to sell its interest to a third party. That contract was rescinded by the purchaser when Seymour asserted his right of first refusal, a right we subsequently held to be a covenant running with the land and binding on HSL. *HSL Linda Gardens Properties, Ltd. v. Seymour,* 163 Ariz. 396, 788 P.2d 129 (App. 1990). This lawsuit followed, asserting breach of the covenants of title and freedom from encumbrances under A.R.S. § 33–435 and agreements to indemnify under the purchase contract. This appeal is from a summary judgment in favor of the defendants based on the statute of limitations. We reverse.

■ A.R.S. § 33–435 provides that when fee title is conveyed there are implied covenants that the grantor has not previously conveyed any interest in the property to another and that the interest conveyed is free of encumbrances. The trial court assumed that the existence of the right of first refusal in Seymour constituted a violation of one or the other or both of the implied covenants. It held however, relying on *Cecil Lawter Real Estate School,*

*Inc. v. Town & Country Shopping Center Co.,* 143 Ariz. 527, 694 P.2d 815 (App.1984), that the covenants were breached at the time of the conveyance and that, therefore, HSL's claims were barred by the statute of limitations. While it is no doubt true that a breach occurred instantly, we do not believe the statute then began to run. We arrive at this conclusion by at least two different routes of analysis and thus decline to follow *Lawter.*

■ *Lawter* assumes that the statute runs regardless of knowledge of breach by plaintiff. Ordinarily, a claim is not thought to accrue, and thus the statute does not begin to run, until plaintiff discovers or by the exercise of reasonable diligence should discover that the claim exists. *Anson v. American Motors Corp.,* 155 Ariz. 420, 747 P.2d 581 (App.1987). Summary judgment is inappropriate on this issue. While Lopez admitted that Seymour told him that he had a right of first refusal, Lopez believed that right related only to the sale by Freeman to HSL. He did not know, nor was he told before 1986, that Seymour asserted that the right applied to any subsequent sale. Further, assuming that inquiry was required, the action of Lopez in inquiring of Freeman whether such a right existed and of ordering a title report, both of which revealed no such right, could well be found to be all that reasonable diligence required.[1]

■ We also believe that accrual of a cause of action did not occur until HSL was damaged by the breach when the 1986 sale was rescinded. A.R.S. § 33–435, creating the covenants on which a portion of this action was brought, was derived from a similar Texas statute. See V.T.C.A. Property Code § 5.023. Texas courts have construed the covenants created by the statute

---

1. Although not the basis of decision below, it was contended at oral argument, citing A.R.S. § 33–416, that as a matter of law Lopez had notice by reason of recordation of the Seymour interest and thus notice of the claim at the instant of Freeman's conveyance. The statute is designed to protect the owner of the recorded interest against any claim by a subsequent purchaser without actual notice. It was not designed to protect a person such as Freeman who has denied the existence of the prior interest to the purchaser. *Bailey v. Kuida,* 69 Ariz. 357, 213 P.2d 895 (1950).

as creating a promise to indemnify and a cause of action on that promise does not arise until there is damage. See *Wolff v. Commercial Standard Ins. Co.*, 345 S.W.2d 565 (Tex.Civ.App.1961).[2] We will assume that our legislature intended a similar consequence. *Jackson v. Phoenix-flight Productions, Inc.*, 145 Ariz. 242, 700 P.2d 1342 (1985).

 Apart from the construction given by Texas courts, we still would find the cause of action to accrue at the time of injury rather than at the time of breach. While conveying with encumbrances is necessarily a breach of a covenant not to do so, that breach need not always cause damage. For example, the encumbrance might be a lien securing a debt. If the debt is paid and the encumbrance then discharged, no damage would have been caused. Similarly, on the facts of this case, had Seymour waived his right, there would have been no damage from the breach. To require that an action be brought before significant damage has occurred is to require litigation that may be unnecessary and to require the resolution of an especially difficult question—what is the present value of the risk of future harm that may or may not occur. See generally *Myers v. Wood*, 174 Ariz. 434, 850 P.2d 672 (App.1992). While there are times when such an inquiry must be made, it is better to limit them.

We recognize that our resolution of this case departs from the prevailing view that the statute of limitations for breach of contract runs from the breach and not from any damage resulting therefrom, I C. Corman, Limitation of Actions §§ 7.2.1, 7.2.7 (1991), and that the discovery rule does not apply to such actions. II C. Corman, Limitation of Actions § 11.3 (1991). But see *Santee Portland Cement Co. v. Daniel International Corp.*, 299 S.C. 269, 384 S.E.2d 693 (1989). We do so because the application of those rules to bar undiscovered claims and to invite potentially needless litigation makes them senseless on the facts of this case.

Reversed.

LACAGNINA and FERNANDEZ, JJ., concur.

---

**2.** The action of the trial court in granting judgment on the claim under the contract of sale for indemnification was erroneous. *That claim* was not time-barred because a cause of action did not accrue until harm was caused which called forth the obligation to indemnify.