IN THE COURT OF APPEALS
STATE OF ARIZONA



FILED BY CLERK

SEP 10 2007

COURT OF APPEALS
DIVISION TWO

LA CANADA HILLS LIMITED )
PARTNERSHIP, an Arizona limited )
partnership, )
                        )         2 CA-CV 2006-0159
                        )         DEPARTMENT B
            Plaintiff/Appellant, )
                        )         **O P I N I O N**
               v. )
                        )
FLORENCE KITE, )
                        )
           Defendant/Appellee. )
                        )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C20054008

Honorable Deborah Bernini, Judge

AFFIRMED IN PART; REVERSED IN PART

Gabroy Rollman & Bossé, P.C.
  By Richard M. Rollman and Richard A. Brown                       Tucson
                                Attorneys for Plaintiff/Appellant

Butler & Associates, P.L.C.
  By Michael J. Butler and Michael A. Fleishman                     Tucson
                                Attorneys for Defendant/Appellee

E C K E R S T R O M, Presiding Judge.

¶1 Plaintiff/appellant La Canada Hills Limited Partnership appeals from the trial court's grant of summary judgment in favor of defendant/appellee Florence Kite, dismissing La Canada's claims for declaratory relief and breach of contract as barred by the statute of limitations for actions based on contract. La Canada argues that the trial court erred because its causes of action did not accrue against Kite until the partnership prepared to conclude its dealings and that the court should have applied the statute of limitations governing partnership accountings. Because we find the trial court erred when it dismissed the claim for declaratory relief, we reverse that aspect of the court's ruling but otherwise affirm the judgment.

¶2 When reviewing the trial court's grant of summary judgment, we view the facts and the reasonable inferences arising from them in the light most favorable to La Canada, the nonmoving party. *See Cohen v. Frey*, 215 Ariz. 62, ¶ 9, 157 P.3d 482, 486 (App. 2007). La Canada is a limited partnership that was formed to acquire and hold for investment undeveloped land in Pima County. In 1986, Kite and her late husband purchased an interest in La Canada pursuant to a subscription agreement. The agreement required the Kites to make an initial $20,000 payment, nine annual payments of principal and interest to follow, and a final "balloon" payment in 1995. According to La Canada, "Kite has been in default of her obligations under the Agreement" since 1993 when she stopped making payments. The agreement provides that a partner is in default if he or she fails to make any annual

payment within fifteen days after it is due. The agreement also provides several remedies in the event of such a default:

> [T]he General Partners may take any or all of the following actions, as they in their sole discretion deem fit, all without prior notice to the Defaulting Limited Partner:
>
> 6.5.1 Enforce the obligation in such manner as may be permitted by law;
>
> 6.5.2 Borrow the sums necessary and charge any principal, interest or other charges on the loan to the Defaulting Limited Partner;
>
> 6.5.3 Accelerate payment of all amounts due from the Defaulting Limited Partner, without notice, and avail themselves of all appropriate legal remedies to compel payment of such amounts, together with the cost of collection, including reasonable attorney fees;
>
> 6.5.4 Halt any and all Distributions of Partnership cash and/or property to the Defaulting Limited Partner until such time as such default has been cured, and at the option of the General Partners, any and all of such Distributions may be applied in whole or in part against the amounts due from such Defaulting Limited Partner;
>
> 6.5.5 Proportionately reduce the Defaulting Limited Partner's interest in the Partnership . . . ; or
>
> 6.5.6 Declare the Defaulting Limited Partner's interest in the Partnership forfeited and return to [him] Fifty Percent (50%) of the amounts contributed by him to the capital of the Partnership at the time of subscription and Fifty Percent (50%) of the principal payments made by him pursuant to the Agreement to Contribute, such amounts to be returned to him after the Property has been disposed of and after all the other [Partners] have received Distributions totaling One Hundred Percent (100%) of their Invested Capital.

3

La Canada wrote to Kite in 1993 after it had not received her annual payment, "urg[ing her] to bring [her] account current." It took no other action to address her default at that time. La Canada alleges Kite also failed to make payments in 1994 and 1995.

¶3 In 2005, the partners voted by a majority to sell the land, which would result in the dissolution of the partnership. But because some of the partners wanted to continue to hold the land, La Canada's "general partners developed a plan by which the property would be sold for fair market value to a related entity," and each partner would have the opportunity to obtain an interest in the new partnership. When the general partners sought Kite's approval as a limited partner for the sale of the land, Kite first wanted her own counsel to review the transaction. As a result of that review, Kite "became concerned with the appropriateness of the transaction" and "voiced [her] concerns to the Partnership." Thereafter, La Canada filed a complaint against her for declaratory relief and breach of contract arising from her failure to make required payments between 1993 and 1995.

¶4 Kite moved for summary judgment, contending La Canada's claims were barred by the applicable statute of limitations for contract actions because it had known of Kite's alleged failure to make payments at the latest in December 1995, nearly ten years before it sued her. The trial court granted the motion on both the claim for declaratory relief and the claim for breach of contract, finding them "barred by the applicable statute of limitations, A.R.S. § 12-548." This appeal followed.

4

**¶5** La Canada argues the trial court erred when it granted summary judgment in favor of Kite on its claims for declaratory relief and breach of contract. "On appeal from a summary judgment, we must determine *de novo* whether there are any genuine issues of material fact and whether the trial court erred in applying the law." *Bothell v. Two Point Acres, Inc.*, 192 Ariz. 313, ¶ 8, 965 P.2d 47, 50 (App. 1998).

**¶6** Courts examine four factors when determining whether a claim is time barred: (1) when the cause of action accrued; (2) the applicable limitations period; (3) when the claim was filed; and (4) whether the limitations period was tolled or suspended. *Logerquist v. Danforth*, 188 Ariz. 16, 18, 932 P.2d 281, 283 (App. 1996). There is no dispute the complaint was filed in July 2005, and La Canada does not argue the limitations period was tolled or suspended. But the parties dispute how we should characterize the claims. Those characterizations lead to different conclusions as to when the claims accrued and the applicable limitations periods.

**¶7** Kite contends that because the entire action is based on breach of contract, the action accrued when the partnership knew Kite allegedly breached her contract by defaulting on the payments. She asserts that, even applying the longest statute of limitations applicable to written contracts, the claims should have been brought no more than six years after Kite failed to make the last payment, which was in December 1995. *See* § 12-548.

**¶8** La Canada counters that the claims are governed by the four-year statute of limitations for actions "[b]y one partner against his copartner for a settlement of the

5

partnership account," under which a cause of action does not accrue until the partners cease their business dealings with each other. A.R.S. § 12-544(2). In the alternative, La Canada contends that even if § 12-544(2) does not apply, and the accrual of the claim arises from a breach of contract, the cause of action did not accrue until 2005, when La Canada suffered injury from Kite's failure to make payments. We agree with La Canada that its claim for declaratory relief should be governed by § 12-544(2) and is therefore not time barred, but we agree with the trial court that the statute of limitations applicable to La Canada's claim for breach of contract has expired.

## DECLARATORY RELIEF

¶9　　　　In the context of a declaratory judgment, we determine the applicable statute of limitations by "'examin[ing] the substance of that action to identify the relationship out of which the claim arises and the relief sought.'" *Vales v. Kings Hill Condo. Ass'n*, 211 Ariz. 561, ¶ 17, 125 P.3d 381, 386 (App. 2005), *quoting Solnick v. Whalen*, 401 N.E.2d 190, 193 (N.Y. 1980) (alteration in *Vales*). La Canada's action for declaratory relief does not have all the attributes of an accounting action brought pursuant to § 12-544(2) because it does not name all partners as parties or seek a declaration of a complete distribution of assets among the partners. *See Seguin v. Boyd*, 134 Ariz. 172, 175, 654 P.2d 808, 811 (App. 1982) (characterizing accounting action as "an equitable proceeding for comprehensive investigation of transactions and adjudication of rights of the partners"). But, it differs from an accounting action only in scope, not substance, timing, or purpose. It seeks

6

relief based on a dispute between partners regarding the appropriate accounting of one partner's interest in the partnership in the context of a contemplated dissolution of the partnership. Moreover, the partnership agreement giving rise to the relationship between Kite and La Canada can be generally characterized as contractual only in the sense that all partnership agreements—and accounting actions arising therefrom—are based on a contract. Because § 12-544(2) provides a statute of limitations specifically for actions arising from partnership contracts in the context of an accounting and because the declaratory relief sought here raises precisely such issues, § 12-544(2) applies rather than the statute of limitations generally applicable to other contract disputes. *See W.J. Kroeger Co. v. Travelers Indem. Co.*, 112 Ariz. 285, 287, 541 P.2d 385, 387 (1975) (more specific statute of limitations governs over more general). Moreover, "if there is doubt as to which of two limitations periods should apply, courts generally apply the longer." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co.*, 182 Ariz. 586, 590, 898 P.2d 964, 968 (1995). On the facts of this case, § 12-544(2) would provide the longer period.

¶10 Having determined that § 12-544(2) governs, we have little difficulty concluding that La Canada's action for declaratory relief was timely filed. That provision states that a cause of action brought under its terms accrues "upon a cessation of the dealings in which [the partners] were interested together." *Id.* Thus, based on § 12-544(2), La Canada was required to file its action within four years of the cessation of partnership dealings. It did so when it filed its complaint during the process of dissolving the

7

partnership. The trial court therefore erred when it found the declaratory relief action time barred.

## BREACH OF CONTRACT

**¶11** La Canada also argues the trial court erred by dismissing its claim for breach of contract. Here, by contrast, La Canada has itself characterized the second claim in its complaint as one based on contract and expressly seeks damages for breach of contract. *See Sertich v. Moorman*, 162 Ariz. 407, 413, 783 P.2d 1199, 1205 (1989) (recognizing distinct nature of accounting actions and other actions at law in context of partnership dispute). But that breach as described by La Canada—Kite's failure to make payments—occurred between 1993 and 1995. *See Angus Med. Co. v. Digital Equip. Corp.*, 173 Ariz. 159, 162, 840 P.2d 1024, 1027 (App. 1992) (generally, statute of limitations for breach of contract claim runs from time of breach). Applying the longest possible statute of limitations—six years for written contracts involving debt—the trial court correctly found the claim time barred. *See* § 12-548.

**¶12** La Canada contends the six-year limitations period had not run because the claim did not accrue until La Canada suffered an injury. La Canada cites *HSL Linda Gardens Properties, Ltd. v. Freeman*, 176 Ariz. 206, 859 P.2d 1339 (App. 1993), to support that contention. There, we held that because the breach of a covenant not to sell land with encumbrances need not always cause damage, it would be "senseless on the facts of th[at] case" to apply the general rule that a cause of action in contract accrues from the

8

time of breach. *Id*. at 208, 859 P.2d at 1341. Rather, we held that the cause of action accrues for purposes of the limitations period either from the date the plaintiff discovered or reasonably should have discovered the breach or from the time the plaintiff was damaged by the breach. *See id.*

¶13        However, none of the exceptions to the general accrual rule set forth in *HSL Linda Gardens* applies to La Canada. La Canada had notice of Kite's default, and therefore Kite's breach, when she failed to make the required payments, as demonstrated by the letters La Canada sent Kite urging her to pay. Also, Kite's failure to make payments necessarily caused damage at the time of the default because the partnership needed to compensate in some way for the loss of her contribution. Indeed, La Canada complains in its opening brief that "[t]o make up for [Kite's] defaults, the general partners and the other limited partners of La Canada . . . contributed monies over and above what they were required to contribute under the partnership agreement." Thus, La Canada has not persuaded us that its claim for Kite's breach of contract, a breach that occurred between 1993 and 1995, did not accrue until La Canada decided to seek a remedy a decade later. The trial court did not err in concluding La Canada's breach of contract claim against Kite was barred by the applicable statute of limitations, § 12-548.

¶14        During oral argument, each party emphasized that its position on the relevant statute of limitations was better anchored in sound public policy. We decline to take any position on those competing arguments because the legislature presumably weighed such

9

considerations when it enacted the relevant statutes here. Rather, we have determined the correct limitations period, and accrual date, for each claim based on the core nature of those claims as specifically set forth in the complaint.

## ATTORNEY FEES

¶15 Because we reverse the trial court's grant of summary judgment as to one of La Canada's two claims, we necessarily reverse the award of attorney fees to Kite as the successful party in that action. Both parties seek their costs and attorney fees on appeal. Because each party has prevailed as to one of the two claims raised on appeal, we decline to award either side its fees or costs. *See Cohen v. Frey*, 215 Ariz. 62, ¶ 19, 157 P.3d 482, 488 (App. 2007) (award of attorney fees on appeal discretionary).

¶16 We affirm the judgment in part and reverse in part.


_____
PETER J. ECKERSTROM, Presiding Judge

CONCURRING:


_____
PHILIP G. ESPINOSA, Judge


_____
GARYE L. VÁSQUEZ, Judge

10