IN THE
# ARIZONA COURT OF APPEALS
### DIVISION TWO

BILL W. CASTILLO,
*Petitioner/Appellant,*

*v.*

THANIA N. LAZO,
*Respondent/Appellee.*

No. 2 CA-CV 2016-0122-FC
Filed December 9, 2016

Appeal from the Superior Court in Pinal County
No. S1100DO201501954
The Honorable Delia R. Neal, Judge

**REVERSED AND REMANDED**

COUNSEL

Law Offices of Matthew S. Schultz, P.C., Tempe
By Matthew S. Schultz
*Counsel for Petitioner/Appellant*

Ritter Law Group, L.L.C., Florence
By Matthew A. Ritter
*Counsel for Respondent/Appellee*

**OPINION**

Chief Judge Eckerstrom authored the opinion of the Court, in which
Presiding Judge Vásquez and Judge Miller concurred.

E C K E R S T R O M, Chief Judge:

**¶1**      Bill Castillo (Father) appeals from the judgment granting Thania Lazo's (Mother's) motion to dismiss his paternity action for failure to state a claim upon which relief can be granted. For the following reasons, we reverse the ruling of the trial court and remand for further proceedings consistent with this opinion.

## Factual and Procedural Background

**¶2**      Although the parties styled the issue in the trial court as dismissing the action for failure to state a claim for which relief could be granted, Father and Mother both submitted materials outside of the pleadings and the trial court appears to have considered these materials in its ruling. We therefore review the issue as one of summary judgment rather than judgment on the pleadings. *See* Ariz. R. Fam. Law P. 32(B) ("If . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . ."); *cf. Canyon del Rio Inv'rs, L.L.C. v. City of Flagstaff*, 227 Ariz. 336, ¶ 15, 258 P.3d 154, 158 (App. 2011) (documents attached to motion to dismiss converted motion to summary judgment).

**¶3**      "When reviewing the trial court's grant of summary judgment, we view the facts and the reasonable inferences arising from them in the light most favorable to . . . the nonmoving party." *La Canada Hills Ltd. P'ship v. Kite*, 217 Ariz. 126, ¶ 2, 171 P.3d 195, 196 (App. 2007). Between September 2012 and April 2013, Father and Mother had a sexual relationship, and in July 2013, Mother gave birth to a son, B.L. During this time, Mother was married to another man, Delio Lazo (Husband). Husband is listed as the father on B.L.'s birth certificate. Husband, however, was working overseas during the time of conception and could not be the biological father of B.L. Father and Father's family established a relationship with B.L., including frequent visitations, and Father provided Mother with money for B.L.'s support.

**¶4**      In December 2015, Father filed a paternity action seeking parenting time and joint legal decision-making. Mother filed a motion to dismiss, claiming *inter alia* that A.R.S. § 25-812(E)

barred the action. The trial court agreed and granted Mother's motion, which, as noted above, we treat as a grant of summary judgment. This appeal followed.

## Timeliness of Paternity Action

**¶5** Father asserts the trial court erred when it concluded that Father's paternity action was untimely pursuant to § 25-812(E). We review issues of statutory interpretation de novo. *Beatie v. Beatie*, 235 Ariz. 427, ¶ 14, 333 P.3d 754, 757 (App. 2014).

**¶6** At the outset, we note that, although Father has not raised this argument either here or in the trial court, § 25-812 applies only to "a child born out of wedlock."[1] Mother has never alleged that B.L. was born out of wedlock, and in fact has affirmatively argued that he was not. For this reason, in addition to the argument raised by Father and discussed below, § 25-812(E) does not apply.

**¶7** In general, a paternity action "may be instituted during the pregnancy of the mother or after the birth of the child." A.R.S. § 25-804. The only time limit for bringing the action applies to an action seeking child support, which must be brought before the child's eighteenth birthday. *Id.*

**¶8** But in some circumstances, the time period to bring a paternity action is more limited. Under § 25-812, "[t]his state or the parent of a child born out of wedlock may establish the paternity of a child by filing" a "voluntary acknowledgment of paternity." Such an acknowledgment is a formal statement that acknowledges paternity of a child. It must include the social security numbers of the parents, it must be signed by both parents, and it must be either witnessed or notarized. § 25-812(A)(1). The statute restricts who may serve as a witness, and if the acknowledgment is witnessed, certain information must be recorded about the person serving as witness. *Id.* When the clerk of the superior court enters the acknowledgment and issues an order of paternity, it "has the same

---

[1]We address this point nonetheless to ensure that we do not suggest § 25-812 may apply to a child who is not born out of wedlock.

force and effect as a judgment of the superior court." § 25-812(C). The statute also establishes that, after a sixty-day period of time, a person may only challenge the acknowledgment of paternity pursuant to Rule 85(c), Ariz. R. Fam. Law P., "on the basis of fraud, duress or material mistake of fact." § 25-812(E).[2]

¶9        The record here establishes that the birth certificate names Husband as B.L.'s father. Mother has not alleged, and we see no evidence in the record, that Mother and Husband ever filed a voluntary acknowledgment of paternity as it is defined in § 25-812(A). However, Mother's argument below and on appeal is based on the premise that the birth certificate bearing Husband's name is the equivalent of a voluntary acknowledgement. Father contends, as he did below, that a birth certificate is not the legal equivalent of a voluntary acknowledgment of paternity, and that § 25-812(E) is therefore inapplicable. Mother has not meaningfully responded to this argument,[3] which we could consider a concession of the issue. *See Chalpin v. Snyder*, 220 Ariz. 413, n.7, 207 P.3d 666, 676 n.7 (App. 2008) ("Failure to respond in an answering brief to a debatable issue constitutes confession of error.").

¶10       Even if we decline to accept Mother's concession, we would still conclude that a birth certificate is not equivalent to a voluntary acknowledgment of paternity pursuant to § 25-812. Neither the "proof of birth" form provided by the hospital nor the birth certificate itself contains Mother's and Husband's social

---

[2]The former version of the statute, which Mother cites in her answering brief and the trial court appears to have relied on, referenced Rule 60(c), Ariz. R. Civ. P., rather than Rule 85(c), Ariz. R. Fam. Law P. 2007 Ariz. Sess. Laws, ch. 14, § 6.

[3] Mother merely states that "[c]hallenging paternity established through a properly executed Acknowledgment of Paternity or Birth Certificate . . . must comply with . . . statutory requirements." She does not provide any authority for the proposition that birth certificates, which are not mentioned in § 25-812, should be considered the equivalent of an acknowledgment of paternity made pursuant to that statute.

security numbers or signatures. *See* § 25-812(A)(1). These documents are neither notarized nor witnessed as prescribed by the statute. *Id.*; *see* A.R.S. § 36-334(A), (C) (establishing requirements for determining maternity and paternity on birth certificate).

**¶11** Mother relies on *Stephenson v. Nastro*, 192 Ariz. 475, 967 P.2d 616 (App. 1998), to contend that Father's action is untimely. But there, the mother and the putative father had executed a signed and notarized acknowledgment of paternity, although that document was not filed in the superior court. *Id.* ¶¶ 4, 21.[4] Furthermore, under the version of the statute applied by the court in *Stephenson*, a birth certificate signed by the mother and father was statutorily defined as a voluntary acknowledgment of paternity and therefore could be filed in the superior court and be given the effect of a judgment. *Id.* ¶ 20 & n.8; *see* 1995 Ariz. Sess. Laws, ch. 270, § 2.[5]

**¶12** Our legislature has since expressly rejected a birth certificate as a means of establishing paternity under § 25-812. In 2003, it deleted the provision allowing filing a birth certificate as a voluntary acknowledgment of paternity. 2003 Ariz. Sess. Laws, ch. 230, § 3. And the pertinent legislative history demonstrates that the legislature intended to "[e]liminate[] a birth certificate signed by the parents of a child born out of wedlock as a means of filing when establishing paternity." H. Summary for H.B. 2139, 46th Leg., 1st Reg. Sess. (Ariz. Jan. 27, 2003).

**¶13** For these reasons, we conclude that a birth certificate is not a voluntary acknowledgment of paternity pursuant to § 25-812

---

[4]In *Andrew R. v. Arizona Department of Economic Security*, which Mother also cites, the parents had properly executed an acknowledgment of paternity. 223 Ariz. 453, ¶ 2, 224 P.3d 950, 951 (App. 2010).

[5]Although the court in *Stephenson* cited the 1994 version of the statute, it actually quoted the language of the statute applicable in 1995, which was the statute in effect at the time the mother and father in that case made the acknowledgment of paternity. 192 Ariz. 475, ¶¶ 4, 20, 967 P.2d at 618, 623.

and that § 25-812(E) therefore does not bar Father's paternity action. Because § 25-812(E) does not apply, the relevant statute is § 25-804, and Father's paternity action is timely.

### Statutory Entitlement to Bring Paternity Action

**¶14**        Mother also argued below that Father was not entitled to bring a paternity action pursuant to A.R.S. § 25-803(A) because B.L. was not born out of wedlock. Although the trial court did not reach this claim, Mother has re-urged this contention on appeal as an alternative ground for upholding the trial court's ruling. Because "[w]e may uphold a judgment on grounds different from those cited by the trial court," we address this issue. *Ness v. W. Sec. Life Ins. Co.*, 174 Ariz. 497, 502, 851 P.2d 122, 127 (App. 1992).

**¶15**        Section 25-803(A)(2) provides that a proceeding to establish paternity may be brought by the father. In *Ban v. Quigley*, 168 Ariz. 196, 198-99, 812 P.2d 1014, 1016-17 (App. 1990), and *R.A.J. v. L.B.V.*, 169 Ariz. 92, 95, 817 P.2d 37, 40 (App. 1991), this court concluded that the term "father" in § 25-803(A)(2)[6] includes a man who believes he is the biological father of a child. We also determined that "the marital status of the mother is irrelevant when . . . the father brings the action." *R.A.J.*, 169 Ariz. at 95, 817 P.2d at 40; *see Ban*, 168 Ariz. at 198-99, 812 P.2d at 1016-17.

**¶16**        We acknowledge that A.R.S. § 25-806(A) states in part that "[p]aternity proceedings are commenced by the filing of a verified petition that alleges that a woman is delivered of a child or children born out of lawful wedlock." This language would suggest that paternity proceedings may not be brought for a child who is born in wedlock. And, both *R.A.J.* and *Ban* relied, in part, on a prior version of this statute with materially different language in finding that a paternity proceeding could be brought when the child was not born out of wedlock. *See R.A.J.*, 169 Ariz. at 94-95, 817 P.2d at 38-40; *Ban*, 168 Ariz. at 198-99, 812 P.2d at 1016-17.

---

[6] The legislature renumbered this statute, formerly A.R.S. § 12-843, in 1996. 1996 Ariz. Sess. Laws, ch. 192, § 14.

**¶17** However, in interpreting statutes, "[w]e must consider all pertinent statutory provisions . . . and related statutes must be interpreted consistently and harmoniously with one another." *In re Stephanie N.*, 210 Ariz. 317, ¶ 17, 110 P.3d 1280, 1283 (App. 2005) (citation omitted). Section 25-803 allows maternity or paternity proceedings to be commenced by a mother or a father, and only limits the commencement of such a proceeding to a child born out of wedlock when the proceeding is brought by a "guardian, conservator, or best friend."

**¶18** Moreover, A.R.S. § 25-814(A)(1) establishes a presumption that a man who is married to the mother of a child when she gives birth is the father of that child, but § 25-814(C) allows that presumption to be rebutted. If a paternity proceeding could only be initiated when a child was born out of wedlock, it would be impossible in such a situation to rebut the marital presumption. And, as the court noted in *Ban*, if we construed § 25-806 to only allow paternity proceedings when a child is born out of wedlock, "a putative father would be unable to bring an action to establish paternity of a child born during the mother's marriage to her husband, even if the mother and the husband later separated or divorced or in the event the mother died." 168 Ariz. at 198-99, 812 P.2d at 1016-17. Accordingly, we conclude that Father is entitled to bring this paternity action pursuant to § 25-803(A)(2).[7]

## Disposition

**¶19** For the foregoing reasons, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.

---

[7]Father has also raised the issue of whether the trial court must determine that a paternity test is in B.L.'s best interest before ordering the test to be done. Because the trial court did not decide this issue, we likewise decline to resolve it.