IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

THOMAS M. BAUMGARTNER and JULIE B. BAUMGARTNER; DANIEL
CROSS and CATHY CROSS; CLYDE CUMING and BETSY CUMING;
GARY ENGELS and DENISE ENGELS; LARRY PUTNAM and MARTHA
PUTNAM; DONALD SGAMBELLURI and PATRICIA SGAMBELLURI,
*Plaintiffs/Appellees*,

*v.*

EDWARD A. TIMMINS, JR. and ANN M. TIMMINS,
*Defendants/Appellants.*

No. 1 CA-CV 17-0484
FILED 8-30-18

Appeal from the Superior Court in Apache County
No. S0100CV201600124
The Honorable C. Allan Perkins, Judge

**REVERSED; REMANDED**

COUNSEL

Criss Candelaria Law Office, P.C., Concho
By Criss E. Candelaria
*Counsel for Defendants/Appellants*

Brown & Brown Law Offices, P.C., Eagar
By Douglas E. Brown
*Counsel for Plaintiffs/Appellees*

---

## OPINION

Judge Jennifer M. Perkins delivered the opinion of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kent E. Cattani joined.

---

**P E R K I N S**, Judge:

¶1          Edward A. Timmins Jr. and Ann M. Timmins appeal from a judgment against them, and in favor of fourteen individual property-owner Plaintiffs. The superior court held that affidavits signed by the Timminses and recorded by Ann Timmins created encumbrances against the Plaintiffs' properties, and therefore the Timminses violated Arizona Revised Statutes ("A.R.S.") section 33-420 (2018). The affidavits alleged that the Plaintiffs' properties were in violation of neighborhood covenants, conditions, and restrictions ("CC&Rs"), but did not assert that the violations gave the Timminses or anyone else a claim or interest in the affected properties. Because the affidavits do not claim or purport to create encumbrances, they are not subject to the statute. Therefore, we reverse the judgment and direct entry of judgment in favor of the Timminses.

## FACTUAL AND PROCEDURAL HISTORY

¶2          Property-owner Plaintiffs and the Timminses all own real properties in the same subdivision in Apache County. While there is a voluntary homeowners association in this subdivision, as well as an Architectural Committee that considers new building plans, the record in this case does not establish whether either entity has the authority to enforce alleged CC&R violations. In 2015, the individual property-owner Plaintiffs filed a lawsuit against the Timminses, alleging violations of applicable CC&Rs, and obtained a default judgment against the Timminses.

¶3          In apparent response to the lawsuit and resulting default judgment, the Timminses created and signed affidavits alleging that the property-owner Plaintiffs were themselves in violation of several provisions of the CC&Rs, such as those regarding parking, on-site signs and tanks, and restrictions against commercial uses. The affidavits asserted that Plaintiffs' own violations of the CC&Rs prevented them from being able to enforce the CC&Rs against the Timminses. Ann Timmins recorded the affidavits in the Apache County Recorder's Office.

**¶4** The property-owner Plaintiffs brought a special action in the superior court against the Timminses under A.R.S. § 33-420, and the Timminses counterclaimed, raising claims not relevant to this appeal. Plaintiffs alleged the affidavits claimed or purported to create encumbrances against their properties and were groundless because they were not authorized by any statute. Following a show-cause hearing, the superior court ruled that the affidavits created encumbrances against the Plaintiffs' properties under A.R.S. § 33-420. The court subsequently entered final judgment pursuant to Arizona Rule of Civil Procedure 54(b), nullifying the recordings and awarding damages, attorney's fees, and costs to Plaintiffs.

**¶5** The Timminses appealed from the judgment, arguing that the affidavits were not encumbrances, the affidavits were not groundless, and the superior court's ruling failed to include sufficient findings of fact and conclusions of law as required by Arizona Rule of Civil Procedure 52.

## DISCUSSION

**¶6** Whether the affidavits are documents subject to A.R.S. § 33-420 is a matter of statutory interpretation, which we review de novo. *Stauffer v. U.S. Bank Nat. Ass'n*, 233 Ariz. 22, 25, ¶¶ 8–9 (App. 2013).

**¶7** The statutory provisions at issue here are A.R.S. § 33-420(A) and (C): Plaintiffs allege that Ann Timmins violated subsection (A) by recording the affidavits and that Edward Timmins violated subsection (C) by signing and refusing to correct the recorded affidavits. The statutory language is as follows:

> (A) A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property . . . .
>
> . . .
>
> (C) A person who is named in a document which purports to create an interest in, or a lien or encumbrance against, real property and who knows that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid shall be liable to the owner or title holder

> . . . if he wilfully refuses to release or correct such document of record within twenty days from the date of a written request from the owner or beneficial title holder of the real property.

A.R.S. § 33-420(A), (C). Thus, the question is whether the affidavits claimed or purported to create encumbrances against Plaintiffs' properties.

¶8 The Timminses argue on appeal that by recording the affidavits, they did not claim or purport to create "encumbrances" against the properties within the meaning of the law. The statute does not define the word "encumbrance." "[G]enerally speaking, language in a statute is to be given the meaning in which it would be understood by the ordinarily intelligent [person], unless it is clearly used in a technical sense." *Southern Pac. Co. v. Maricopa County*, 56 Ariz. 247, 254 (1940), *abrogated on other grounds by Boyd v. Bell*, 68 Ariz. 166 (1949). Because the word "encumbrance" has a technical meaning in the context of property law, we look only to that technical meaning. *See* A.R.S. § 1-213 ("Technical words and phrases and those which have acquired a peculiar and appropriate meaning in the law shall be construed according to such peculiar and appropriate meaning.").

¶9 By statute and case law, when used in a property law context in Arizona, the word "encumbrance" refers to a non-ownership interest in property. *See* A.R.S. § 47-9102 (defining encumbrance as "a right, other than an ownership interest, in real property"); *HSL Linda Gardens Properties, Ltd. v. Freeman*, 176 Ariz. 206, 208 (App. 1993) ("For example, the encumbrance might be a lien securing a debt."); *Coventry Homes, Inc. v. Scottscom Partnership*, 155 Ariz. 215, 218 (App. 1987) ("equitable lien is a right over real property constituting an encumbrance, so that the real property itself may be proceeded against in an equitable action"). Thus, § 33-420(A) & (C) do not apply unless the recorded document purports to create or claim a right or liability of some kind attached to the property.

¶10 The Timminses' affidavits did not claim any right to individually enforce the CC&Rs against the properties. They also did not assert that the alleged violations gave the Timminses any right, claim, interest, or lien in or on the Plaintiffs' real property. Nor did the affidavits claim that the homeowners association has asserted that the alleged violations gave rise to any liability owed by Plaintiffs to the homeowners association. The affidavits simply alleged that the properties were not in compliance with the CC&Rs. For these reasons, we hold that the affidavits did not claim or purport to create "an interest in, or a lien or encumbrance

against" the Plaintiffs' properties under A.R.S. § 33-420. Thus, the Timminses did not violate A.R.S. § 33-420 by executing and recording the affidavits.

**¶11** Plaintiffs urge us to construe the statute using the *Merriam-Webster* online dictionary meaning of the word "encumbrance" as "something that encumbers," and "encumber" as "[t]o cause problems or difficulties for (someone or something)." *See* MERRIAM WEBSTER, encumbrance, Definition of ENCUMBRANCE, https://www.merriam-webster.com/dictionary/encumbrance (last visited Aug. 13, 2018); encumber, Definition of ENCUMBER for English Language Learners, https://www.merriam-webster.com/dictionary/encumber (last visited Aug. 13, 2018). Plaintiffs argue that the affidavits "encumber" the properties because they "cloud" the properties' titles, causing problems or difficulties and requiring prospective purchasers to investigate or resolve the alleged violations before deciding whether to move forward with a purchase. But, as noted above, ¶¶ 8–9, "encumber" and "encumbrance" have technical meanings unique to the legal field. In fact, the very dictionary Plaintiffs cite also defines "encumber" as "to burden with a legal claim (such as a mortgage)." *Id.* And, as Plaintiffs themselves concede, "the recorded documents are not authorized by any specific legal authority." Furthermore, Plaintiffs do not assert that the Timminses' allegations of CC&R violations necessarily resulted in a lien against the properties or that the homeowners association has taken any action against Plaintiffs asserting a lien or interest based on the alleged violations. Accordingly, because the alleged false statements did not purport to create a legal interest, claim, or liability against Plaintiffs' properties which lessened their values, Plaintiffs' remedy cannot be found in § 33-420.

**¶12** Because we reverse the superior court's judgment, we do not address whether the affidavits were groundless or whether the superior court's ruling contained sufficient findings of fact and conclusions of law as required by Arizona Rule of Civil Procedure 52. *See Scenic Arizona v. City of Phoenix Bd. of Adjustment*, 228 Ariz. 419, 436 n.28, ¶ 54 (App. 2011) (declining to address whether agency's decision included required findings of fact after reversing on another ground), as amended.

## CONCLUSION

**¶13** For the foregoing reasons, we reverse the judgment of the superior court, including its award of attorney's fees and costs, direct entry of judgment in favor of the Timminses, and remand for any further required proceedings consistent with this decision. The Timminses request

attorney's fees and costs incurred in this appeal. In our discretion, and because the Timminses failed to specify a basis for an award of fees in compliance with Arizona Rule of Civil Appellate Procedure ("ARCAP") 21(a)(2), we decline to award fees. The Timminses may seek costs upon compliance with ARCAP 21.

