NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

BRENT LANGBEHN, *Petitioner/Appellant*,

*v.*

JENNIFER LANGBEHN, *Respondent/Appellee*.

No. 1 CA-CV 20-0304 FC
FILED 2-2-2021

Appeal from the Superior Court in Maricopa County
No. FC2006-052192
The Honorable Melissa Iyer Julian, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Keith R. Lalliss, Attorney at Law, Mesa
By Keith R. Lalliss
*Counsel for Petitioner/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge D. Steven Williams delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge James B. Morse Jr. joined.

---

**W I L L I A M S**, Judge:

¶1        Brent Langbehn ("Husband") appeals an award of child support and spousal maintenance arrearages in favor of Jennifer Langbehn ("Wife"). Because Husband has shown no error, we affirm. Husband also challenges an award of attorneys' fees and costs for Wife. Because we cannot discern from the record whether the family court considered those factors required under A.R.S. § 25-324(A) before granting the award for Wife, we vacate that portion of the court's order and remand to allow the court to consider the same.

## FACTUAL AND PROCEDURAL HISTORY

¶2        Husband and Wife divorced in 2007. Under the consent decree, Husband was required to pay Wife $2,800 per month for child support, as well as $5,000 per month for spousal maintenance until either Wife's death or "Husband pays the remaining principal balance owed on the Equalizer Promissory Note in full," whichever occurs sooner. A separate Property Settlement Agreement ("PSA"), incorporated into the consent decree, explained the purpose of the Equalizer Promissory Note was to "equalize the values of the joint and/or community assets" and required Husband to pay Wife $2,100,000 by June of 2011.

¶3        In 2012, Husband moved the family court to credit him for child support payments he claimed to have prepaid directly to Wife. The court denied Husband's request.

¶4        In 2019, the State filed an arrears calculation with the family court revealing Husband's past due spousal maintenance and child support obligations. Husband moved, among other things, to terminate spousal maintenance arguing the statute of limitations had run under A.R.S. § 12-548 and Wife was, therefore, barred from recovering past due maintenance payments. Wife moved to enforce the provisions of the

decree arguing A.R.S. § 25-553, not A.R.S. § 12-548, was the appropriate time limitation statute for spousal maintenance arrearage collection actions.

¶5        Two days before trial, Husband moved to set aside the court's 2012 order. The court denied Husband's request, finding it to be "woefully untimely." Then, at trial, the court agreed with Wife that the three-year window set forth in A.R.S. § 25-553 was the appropriate time limitation and ruled in Wife's favor. The court ordered Husband to pay $11,584.54 in child support arrearages, $586,617.58 in spousal maintenance arrearages, and $14,234.50 for Wife's attorneys' fees.

¶6        Husband timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).[1]

## DISCUSSION

¶7        Husband argues the family court erred in refusing to apply A.R.S. § 12-548 as the appropriate time limitation statute, and that, even if the court correctly applied A.R.S. § 25-553, the time in which to enforce spousal maintenance arrearages had run. We review issues of statutory interpretation de novo. *Clark v. Clark*, 239 Ariz. 281, 282, ¶ 6 (App. 2016).

¶8        A.R.S. § 12-548 applies to claims arising out of contractual relationships and instructs: "An action for debt . . . [where] indebtedness is evidenced by or founded [upon] . . . [a] contract in writing that is executed in this state," "shall be commenced and prosecuted within six years after the cause of action accrues, and not afterward." Conversely, A.R.S. § 25-553(A) applies to claims for spousal maintenance arrearages and provides: "The person to whom the spousal maintenance obligation is owed may file a request for judgment for spousal maintenance arrearages not later than three years after the date the spousal order terminates."

¶9        In its ruling, the family court acknowledged that when a PSA is incorporated, but not merged, into a divorce decree, the PSA retains its independent contractual status, subjecting it to the rights and

---

[1] Wife failed to file an answering brief. In our discretion we decline to treat Wife's failure as a concession of reversible error, *see Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994), and instead consider the merits of Husband's appeal, *see Bugh v. Bugh*, 125 Ariz. 190, 191 (App. 1980).

limitations of contract law. *MacMillan v. Schwartz*, 226 Ariz. 584, 589, ¶ 15 (App. 2011). However, the court also noted, "Wife is not seeking to enforce Husband's obligation to make the equalization payment under the terms of the PSA. . . . [Instead] Wife's petition to enforce is seeking only to recover spousal maintenance arrears." We agree with the family court. Because Wife's award of spousal maintenance was established by the decree, not the PSA, A.R.S. § 25-553 appropriately governs this action. *Cf. W.J. Kroeger Co. v. Travelers Indem. Co.*, 112 Ariz. 285, 287 (1975) (noting that a time limit established by statute for a specific type of agreement should govern over the more general time limit for a written contract).; *La Canada Hills Ltd. P'ship v. Kite*, 217 Ariz. 126, 129, ¶ 9 (App. 2007) (holding that because a statute of limitations existed specifically for actions arising from partnership contracts, A.R.S. § 12-548, the statute of limitation generally applicable to contract disputes, did not apply).

¶10　　　　Husband contends the PSA terminated his spousal maintenance obligation in June 2011. The plain language of the PSA, however, specifies that "spousal maintenance shall automatically terminate" upon either Wife's death or "[t]he date that Husband pays the remaining principal balance owed on the Equalizer Promissory Note in full," whichever occurs sooner. Nothing in the record suggests that Husband has paid the remaining principal owed. To the contrary, Husband concedes he has not. Because Wife is still alive and Husband has not fulfilled his obligation to pay the Equalizer Promissory Note in full, Wife's time limitation to enforce spousal maintenance arrearages under A.R.S. § 25-553 has not yet begun to run.

¶11　　　　Husband also challenges the court's 2012 refusal to credit him for child support payments he claims to have made directly to Wife. This court reviews a family court's determination of support arrearages for an abuse of discretion. *See Ferrer v. Ferrer*, 138 Ariz. 138, 140 (App. 1983). "An abuse of discretion exists when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 14 (App. 2003).

¶12　　　　Husband provides no legal authority to support his assertion that the family court abused its discretion by refusing to revisit an order issued seven years earlier. But even if, *arguendo*, the court erred in refusing to do so, it was the family court's obligation in 2012 to weigh evidence, including credibility, to determine whether Husband had paid the child support he claimed to have paid. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998). That is what the court did, and we will

not reweigh the evidence on appeal. *Id.* On this record, the family court did not err.

**¶13** Finally, Husband argues the family court erred in awarding Wife attorneys' fees. We review an award of attorneys' fees under A.R.S. § 25–324(A) for an abuse of discretion. *Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 6 (App. 2014).

**¶14** The family court may award a party costs and attorneys' fees under A.R.S. § 25-324(A) after considering the reasonableness of the parties' positions and their financial resources. Because there is nothing in the record which sheds any light on the basis for the family court's award of costs and attorneys' fees to Wife, we vacate Wife's award of costs and attorneys' fees and remand this matter for the family court to consider those factors set forth under A.R.S. § 25-324(A) in determining whether or not to grant the request.

**CONCLUSION**

**¶15** We affirm the family court's order in its entirety, except for the award of costs and attorneys' fees for Wife. We remand for the family court to consider A.R.S. § 25-324(A) in determining whether to award costs and attorneys' fees. In our discretion we deny Husband's request for attorneys' fees and costs on appeal under A.R.S. § 25-324.



AMY M. WOOD • Clerk of the Court
FILED:   AA